# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RAMON HERNANDEZ-NUNEZ,
      Petitioner,

      vs.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
      Respondent.

Civil Action No. 1:08-cv-733

Barrett, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus
pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 1),
petitioner's motion for summary judgment (Doc. 14) and respondent's memorandum in
opposition to the motion for summary judgment (Doc. 15), and on respondent's motion to
dismiss (Doc. 16) and petitioner's memorandum in opposition. (Doc. 17).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In May 2006, petitioner was indicted on three counts of trafficking in cocaine, each with
a major drug offender specification, two counts of possession of cocaine, each with a major drug
offender specification, one count of trafficking in cocaine, one count of possession of cocaine,
and one count of conspiracy. (Doc. 16, Exh. 1). He initially pled not guilty upon arraignment.
On September 11, 2006, petitioner, through counsel, withdrew his not guilty plea and entered a
plea of guilty to two counts of trafficking in cocaine and one count of possession of cocaine for
an agreed sentence of eight years. (Doc. 16, Exh. 2). The remaining charges and specifications
were dismissed. (Doc. 16, Exh. 3). Petitioner did not appeal.

On October 26, 2007, petitioner filed a motion requesting a hearing for reduced term of imprisonment. (Doc. 16, Exh. 5). On October 31, 2007, the trial court denied the motion. (Doc. 16, Exh. 6).

**Federal Habeas Corpus**

On October 20, 2008, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in this Court. (Doc. 1). The petition sets forth two grounds for relief:

> **GROUND ONE:** Is the judgment of conviction null and void and the petitioner entitled to immediate deportation?

> **GROUND TWO**: Did the sentencing court exceed its authority by assuming jurisdiction over the petitioner?

(Doc. 1).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Two of the petition essentially assert that the court was without jurisdiction over petitioner because he was an illegal alien subject to deportation. Since petitioner was aware of the facts underlying his claims at the time of sentencing (*see* Doc. 16, Exh. 7 at Tr. 4, 20-22), his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on October 11, 2006 upon expiration of the 30-day period for filing an appeal to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on October 12, 2006, and expired one year later on October 12, 2007, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner filed his motion requesting a hearing for reduced term of imprisonment on

October 26, 2007. (Doc. 16, Exh. 5). Even assuming such motion qualified as a motion for post-conviction relief, it would not serve to toll the statute of limitations which had already expired before the motion was filed. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired two weeks before petitioner filed his motion for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on October 12, 2007. Petitioner's habeas corpus petition was filed in this Court on October 20, 2008 and, accordingly, it was submitted over one year too late.

The Court notes that even if petitioner were to argue his grounds for relief were governed by § 2244(d)(1)(D), his petition would still be untimely. The limitations period set forth in § 2244(d)(1)(D) begins on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. To the extent petitioner may argue the limitations period did not begin until he was served with the removal order on September 29, 2006 (Doc. 1 at 4), the statute of limitations would expire one year later on September 29, 2007. Thus, his petition for a writ of habeas corpus filed on October 20, 2008 would still be untimely.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not

4

entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County*

*Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## III. PETITIONER'S MOTION FOR SUMMARY JUDGMENT IS WITHOUT MERIT

Petitioner's motion for summary judgment seeks an order granting a writ of habeas corpus on the basis that respondent failed to timely respond to the Court's show cause order. (Doc. 14). However, respondent sought and was granted an extension of time to respond to the Court's Order. (Docs. 12, 13). Accordingly, petitioner's motion for summary judgment is

without merit and should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 16) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2.  Petitioner's motion for summary judgment (Doc. 14) be **DENIED**.

3.  A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[1]

4.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/9/2009                        _s/Timothy S. Black_____
                                              Timothy S. Black
                                              United States Magistrate Judge

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAMON HERNANDEZ-NUNEZ,      Civil Action No. 1:08-cv-733
   Petitioner,

                  Barrett, J.
   vs.                Black, M.J.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
   Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation **within TEN DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed **within TEN DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).